JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINO ESPINOSA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. SOCIAL SECURITY DEPARTMENT,<br><br>　　　　Defendant. | Case No. CV 23-0008 GW (MRW)<br><br>**ORDER DISMISSING ACTION** |

　　The Court dismisses this action due to the failure of a pro se litigant to respond to a court order.

* * *

　　1.　Plaintiff Espinosa filed two civil actions in this federal district court regarding his failure to obtain Social Security disability benefits. The first case, docketed under case number CV 23-6 GW (MRW) (C.D. Cal.), appears to be a standard pro se appeal from the agency's adverse decision. The Court (Magistrate Judge Wilner) previously issued an order

1 | instructing the parties regarding the procedures to follow in the disability
2 | benefits appeal action. That action remains open in this Court.[1]

3 |     2.     The present action is a second case (filed the same day), docketed under case number CV 23-8 GW (MRW) (C.D. Cal.), that confusingly appears to allege a tort claim against the United States. Plaintiff contends that he is entitled to $5,000,000 in punitive damages due to alleged misconduct by the Social Security Administration. (CV 23-8 at Docket # 1, page 5.)

    3.     Judge Wilner also screened that action. (Docket # 11.) Judge Wilner noted that the action facially did not identify a statute or facts that plausibly could lead to such a recovery. Further, the magistrate judge observed that the government would likely be entitled to consideration of sovereign immunity based on the allegations in the action.

    4.     Judge Wilner therefore ordered Plaintiff to show cause why this second action (CV 23-8) should not be summarily dismissed for failure to state a claim. Plaintiff was given a deadline in mid-February by which to either explain why the tort case stated a legitimate cause of action or to dismiss the matter voluntarily.

    5.     Plaintiff failed to file any response to the OSC.

\* \* \*

    6.     Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

    7.     Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given

---

[1] The government moved to dismiss the "appeal" for a variety of reasons. Plaintiff's deadline to respond to that motion has not expired yet.

leave to do so and has not notified the court of his intention not to file" that document.  Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

8.  Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

9.  In the present action, the Court concludes that dismissal of the action is appropriate.  Plaintiff filed a duplicative lawsuit that facially failed to state a cause of action.  When the magistrate judge screened the complaint and ordered Plaintiff to show cause why the case should not be dismissed, Plaintiff failed to respond.  Plaintiff's inability to follow the magistrate judge's order demonstrates that he has no interest in advancing the action here.

10.  By contrast, the Court, the defense, and the public have a strong interest in terminating this action.  This is particularly true given that Plaintiff effectively chose to abandon his case by failing to respond to a court order.  Furthermore, because Plaintiff is a pro se litigant who did not comply with the magistrate judge's previous order, no sanction short of dismissal will be effective in moving this case forward.  Carey, 856 F.2d

1   at 1440. The Court concludes that dismissal is appropriate under

2   Rule 41(b). <u>Applied Underwriters</u>, 913 F.3d at 892.

3        11.   Dismissal under Rule 41(b) ordinarily "operates as an

4   adjudication on the merits" of a claim. Therefore, the present action is

5   DISMISSED with prejudice.

6        IT IS SO ORDERED.

9   Dated: March 9, 2023          _____

                                            HON. GEORGE H. WU
                                            UNITED STATES DISTRICT JUDGE

12   Presented by:

15   _____

    HON. MICHAEL R. WILNER
    UNITED STATES MAGISTRATE JUDGE